BAHMAN KHODARAHM ABADIAN, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Bahman Khodarahm Abadian v. Comm'r
Docket No. 7184-09.
United States Tax Court
2009 U.S. Tax Ct. LEXIS 41; 2011-1 U.S. Tax Cas. (CCH) P50,101; October 29, 2009, Decided
*41 Elizabeth A. Handler, Pro se, Washington, DC.
David Gustafson, Judge.
David Gustafson
ORDER
Pursuant to Rule 152(b), Tax Court Rules of Practice and Procedure, it is
ORDERED that the Clerk of the Court shall transmit herewith to Petitioner and to respondent a copy of the pages of the transcript of the trial in the above case before Judge David Gustafson at Washington, D.C., on October 15, 2009, containing his oral findings of fact and opinion rendered at the conclusion of the trial.
In accordance with the oral findings of fact and opinion, decision will be entered for respondent.
(Signed ) David Gustafson
Judge
Dated: Washington, D.C.
October 29, 2009
Bench Opinion by Judge David Gustafson October 15, 2009 Bahman Khodarahm Abadian v. Commissioner Docket No. 7184-09
The Court has decided to render oral findings of fact and opinion in this case, and the following represents the Court's oral findings of fact and opinion. The oral findings of fact and opinion shall not be relied on as precedent in any other case.
This bench opinion is made pursuant to the authority granted by Section 7459(b) of the Internal Revenue Code of 1986, as amended, and Rule 152 of the Tax Court Rules of Practice and Procedure.
By *42 notice of deficiency, dated December 29, 2008, the IRS determined a $3,861 deficiency in the federal income tax of Bahman K. Abadian and Simin T. Abadian for the tax year 2006. For the reasons explained hereafter, we sustain the deficiency determination.
Mr. Abadian testified during the trial of this case on October 13, 2009, in Washington, D.C. The Court admitted into evidence the parties' Stipulation of Facts and Supplemental Stipulation of Facts, with attached Exhibits 1-J through 8-J, and also admitted Exhibits 9-P through 14-P offered by Mr. Abadian.
FINDINGS OF FACT
Mr. Abadian resided in Virginia when he filed the petition in this suit. [Stip. 4.] Simin Abadian did not sign the petition or appear at trial, and she is, therefore, not a party to this case.
Mr. Abadian had a long career at the World Bank and became entitled to a pension. In 2006, Mr. Abadian was a United States citizen, and he filed a timely joint federal income tax return for 2006. He reported pension income of $28,164 and a rental property loss, but he did not report any dividend income or any income from the discharge of indebtedness. [Ex. 7-J.]
Mr. Abadian received distributions from the International Bank for Reconstruction *43 and Development (IBRD) Staff Retirement Plan in 2006. The IBRD paid gross distributions of $72,216.29 and reported that $18,045.24 represented employee contributions, and the remaining $54,171.05 was taxable pension income. [Ex. 8-J; Stip. ¶ 8.]
In May of 2006, Mr. Abadian had a balance of $10,004 on a Citi Visa card [Ex. 5-J], and he paid Citi $6,000 to settle this debt [Ex. 3-J]. He was thus forgiven the unpaid balance of $4,004. Also in May of 2006, Mr. Abadian made a twelfth payment of $1,250 toward a separate Citi Platinum card. His $15,000 in payments reduced the balance on this card from $20,791.79 to $5,791.79, and Citi accepted his payments in settlement of the debt. [Exs. 6-J, 4-J, pp. 2, 18.] It thus appears that he was forgiven an unpaid balance of $5,791.79, but Citi reported (and the IRS accepted) the smaller amount of $3,050, and we, likewise, assume that smaller amount, in Mr. Abadian's favor.
On December 29, 2008, the IRS issued a notice of deficiency, determining the following: (i) Mr. Abadian received $12 in unreported dividend income; (ii) he received $4,004 in discharge-of-indebtedness income from the Vis a card and $3,050 in discharge-of-indebtedness income from *44 the Platinum card, totaling $7,054, and (iii) he received $54,171 in taxable pension income but reported only $28,164 [Ex. 2-J, pp. 7-8.] The IRS determined a deficiency of $3,861 in Mr. Abadian's 2006 federal income tax. Mr. Abadian timely filed his petition in this Court on March 23, 2009.
Mr. Abadian has conceded that he received $12 of taxable dividends in 2006. [Supp. Stip. ¶ 17.]
Therefore, the issues remaining for decision are whether, in 2006, Mr. Abadian received $7,054 in taxable discharge-of-indebtedness income and $54,171 in taxable pension income.
OPINION
I. Burden of Proof. In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115, 54 S. Ct. 8, 78 L. Ed. 212, 1933-2 C.B. 112 (1933). The taxpayer bears the burden of showing his entitlement to any deductions or exclusions from income. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84, 112 S. Ct. 1039, 117 L. Ed. 2d 226 (1992).
II. Forgiveness of Indebtedness. Mr. Abadian asserts that he incurred an economic loss when he repaid his debt to Citi early. Apparently, his notion is that, because he paid the debt earlier than he was required *45 to, he forewent the opportunity to earn a greater return on the money than the rate of interest he had been paying Citi. He argues that, because of this loss, he should not be taxed on any discount he received from Citi. Whatever Mr. Abadian's theory for evaluating the economics of the situation, the tax effects of the transaction are clear:
Generally, a taxpayer must recognize income from the discharge of indebtedness. Sec. 61(a)(12); United States v. Kirby Lumber Co., 284 U.S. 1, 52 S. Ct. 4, 76 L. Ed. 131, 72 Ct. Cl. 739 (1931). When a taxpayer settles an undisputed debt for less than the amount owed, the difference between the amount owed and the amount paid is the amount of debt discharged. Cronin v. Commissioner, T.C. Memo. 1999-22. Section 108(a)(1) enumerates specific exceptions which permit the exclusion from gross income of some or all of the amount discharged. These exclusions include, for example, discharges that occur during bankruptcy or while a taxpayer is insolvent.
Mr. Abadian asserts that he should not be liable for discharge-of-indebtedness income because his calculations show that he suffered an economic loss by repaying Citi earlier than required. However, this is not one of the exceptions provided by the *46 Internal Revenue Code. The record shows that Citi cancelled some of Mr. Abadian's debt, and there is no dispute that the amount Citi reported, and the IRS determined, is $7,054. Mr. Abadian has not demonstrated that he is entitled to exclude any of this amount from gross income.
III. Pension Income. Mr. Abadian contends that only part of his IBRD pension should be taxable in the United States because (1) he earned the pension while working for the World Bank and living abroad; (2) because he lives half of each year in Iran, and banking restrictions prevent him from accessing his pension while in Iran; and (3) because he has lost investments, property, and money in Iran since the revolution in 1979. None of these facts, however, entitles him to avoid tax on his pension.
Mr. Abadian was a citizen of the United States in 2006, and U.S. citizens are taxable on their entire worldwide income. Sec. 61(a); Cook v. Tait, 265 U.S. 47, 56, 44 S. Ct. 444, 68 L. Ed. 895, 1924-1 C.B. 73, T.D. 3594 (1924). Certain credits and exclusions are available. For example, Section 901(a) and (b) allow credits against U.S. income tax for taxes paid to a foreign country during the taxable year. In addition, Section 911(a)(1) provides an exclusion for foreign earned *47 income. However, Mr. Abadian neither claimed nor proved that he paid any tax to any foreign country in 2006, and Section 911(b)(1)(B)(i) specifically provides that amounts received as a pension are not considered foreign earned income (and thus may not be excluded under Section 911(a)(1)). There is no dispute that the IBRD properly credited Mr. Abadian for the portion of his 2006 pension distribution which represents nontaxable employee contribution; and Mr. Abadian has not shown that he is entitled to exclude any of the remaining $54,171 that IBRD reported as taxable and that the IRS determined is taxable income.
Mr. Abadian asserts that some World Bank pensioners escape U.S. tax liability because of treaties between their home countries and the U.S. He observes that it is not his fault that the U.S. and Iran have no equivalent treaty, and he asks the Court to grant him the benefit that other World Bank pensioners receive. Assuming that Mr. Abadian is right about these other pensioners, the Tax Court has no power to impose its own equitable judgments in the absence of a treaty that would legitimately yield those effects. Article II, Section 2, of the U.S. Constitution gives the treaty *48 power to the President, with the advice and consent of the Senate. We have no authority to contrive treaty effects where there is no treaty.
Mr. Abadian received income from the discharge of indebtedness and pension income as determined in the notice of deficiency, both of which are taxable income, and we sustain the IRS's determination.
Decision will be entered, in favor of Respondent, sustaining the $3,861 deficiency.
This concludes the Court's oral findings of fact and opinion in this case.
(Whereupon, at 9:15 a.m., the bench opinion in the above-entitled matter was concluded.)